IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN CRUISE LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| AMERICAN QUEEN STEAMBOAT | ) | |
| OPERATING COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff American Cruise Lines, Inc. ("American Cruise Lines" or "ACL") files
this Complaint for false advertising against Defendant American Queen Steamboat Operating
Company, LLC ("Defendant" or "AQSC").  In support of its Complaint, American Cruise Lines
states as follows:

## INTRODUCTION

1.     This is an action for false advertising under Section 43(a) of the Lanham
Act, 15 U.S.C. § 1125(a), for false advertising under the Delaware Deceptive Trade Practices
Act, DEL. CODE ANN. TIT. 6 § 2531 *et. seq.* (2009), and for common law unfair competition.
American Cruise Lines seeks preliminary and permanent injunctive relief as well as judgment
that AQSC's conduct constitutes deliberate, willful, and/or bad faith conduct such that this
should be declared an exceptional case under 15 U.S.C. § 1117(a).

2.     American Cruise Lines is the leading travel company specializing in small
ship overnight passenger cruising along the inland waterways and rivers of the United States
since 1999.

3.     On September 28, 2017, AQSC, a direct competitor, launched the publication of a webinar through the Travel Weekly website entitled "Shaping the Future of U.S. River Cruises" and found at URL http://www.travelweekly.com/Virtual-Events (the "Webinar") containing false and misleading statements and claims.  The Webinar is scheduled to be continuously available on the Travel Weekly website, and the content of the Webinar is planned to be used as an initial course in a so–called "Steamboat Academy," for an indefinite period in the future.

4.     By this action, American Cruise Lines seeks to (i) enjoin AQSC from continuing to run false advertising, and from disseminating any of the false claims described in this Complaint; (ii) enjoin AQSC from falsely representing and/or exaggerating the comparative services of American Cruise Lines with those of AQSC; (iii) enjoin AQSC from falsely representing and/or exaggerating the services of AQSC; (iv) require AQSC to retract the false advertising claims described in the Complaint, recall materials containing such false advertising, and remove or correct any materials containing such false advertising; and (v) recover damages for the harm that AQSC has inflicted on American Cruise Lines.

5.     American Cruise Lines and AQSC (and AQSC's affiliated company) are parties to a trademark infringement lawsuit currently pending before this Court, styled as *American Cruise Lines, Inc. v. AQSC American Queen Steamboat Company LLC, et al.*, C.A. No. 13-324 (RGA) (the "Trademark Action").  Trial is scheduled to occur about one year from now, sometime during the period October 22, 2018 - November 10, 2018.

6.     This false advertising and false comparison is a new step in Defendant's attempt to usurp and trade on American Cruise Lines' goodwill. Upon discovering the false advertisements and unfair materials, American Cruise Lines promptly informed AQSC that such

materials and advertisements contained false and misleading statements and claims, and requested that AQSC cease and desist from continuing to make or disseminating any such false and misleading statements and claims. AQSC has failed to do so. Indeed, AQSC did not even acknowledge receipt or respond to the cease and desist letter.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8.      This Court has jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a).

9.      Defendant AQSC is subject to the personal jurisdiction of this Court because it is organized under the laws of the State of Delaware.

10.      Venue is proper under 28 U.S.C. § 1391.

## PARTIES

11.      American Cruise Lines is a corporation organized under the laws of Delaware with a principal place of business at 741 Boston Post Road, Suite 200, Guilford, Connecticut 06437.

12.      American Cruise Lines offers cruises along the coast and harbors of Maine, the New England Islands (e.g., Nantucket, Martha's Vineyard), the Chesapeake Bay, the Hudson River, the Mississippi River, the Ohio River, the Columbia and Snake Rivers, and the coast and harbors of Alaska and the Southeastern United States.

13.      Defendant AQSC is a limited liability company organized under the laws of Delaware with a principal place of business at 40 South Main Street, 21st Floor, Memphis, TN 38103.

14.     Defendant operates three older, refurbished riverboats offering overnight passenger cruising on the Mississippi River and rivers of the Pacific Northwest. Plaintiff, American Cruise Lines, operates four paddlewheel riverboats on the Mississippi River and the rivers of the Pacific Northwest offering overnight passenger cruising. Defendant is a direct competitor of American Cruise Lines in the Mississippi River and rivers of the Pacific Northwest overnight passenger cruising market.  Both American Cruise Lines and Defendant market their overnight passenger cruising to and through travel agents, on the internet, and in the same traditional channels of commerce. American Cruise Lines and Defendant are the principal participants and prominent in the channels of commerce in the market in which they compete.

## FACTS

15.     AQSC procured advertising through Northstar Travel Media LLC d/b/a Travel Weekly to gain an audience for the Webinar purportedly to market AQSC's cruise services.

16.     Travel Agents are able to view the Webinar and share the materials and statements with customers interested in booking a cruise.

17.     The Webinar remains available "On Demand" on Northstar Travel Media LLC d/b/a Travel Weekly's website for any consumer to view.

18.     Once viewed, or downloaded, the Webinar can be reproduced and shared in the marketplace without control.

19.     AQSC intends to use the content of the Webinar in a "Steamboat Academy" to advertise to more travel agents and consumers.

20.     AQSC makes false representations about AQSC's cruise services during the Webinar.  For example, AQSC represented its vessels as operated by steam, when in fact

only one of AQSC's three vessels has any steam operation and that is only an auxiliary boiler, not primarily used to power the vessel.

21. AQSC's claim that it operates steamboats is literally false.

22. AQSC presents in the Webinar a "Competitive Set" of six slides comparing professionally staged photographs of certain features of AQSC's AMERICAN QUEEN vessel with very amateur photographs taken with a low-quality camera of an unnamed vessel operated by American Cruise Lines.

23. AQSC's webinar photo comparison of the AQSC Dining Room with the American Cruise Lines' Dining Room falsely represents American Cruise Lines' amenities. *See* Exhibit A. AQSC's Dining Room photo shows the room staged with full place settings, cloth napkins and chairs carefully aligned guests sit down to a meal. The photo used to show the American Cruise Lines' Dining Room is taken with a low-quality camera, is blurry, and shows the tables covered in dirty dishes, used napkins, empty soda cans, the chairs randomly placed, and American Cruise Lines' staff cleaning in the background after guests have completed their meal.

24. AQSC's webinar photo comparison of the AQSC Central Stairway with the American Cruise Lines' Central Stairway falsely represents American Cruise Lines' amenities. *See* Exhibit B. AQSC's Central Stairway photo shows several people walking down the stairs set with professional lighting. The photo used to show the American Cruise Lines' Central Stairway shows a piano, which is unplugged and temporarily in place, set within an unfocused amateur photo.

25. AQSC's webinar photo comparison of the AQSC Library with the American Cruise Lines' Library falsely represents American Cruise Lines' amenities. *See*

Exhibit C. AQSC's Library photo shows a grand sitting room finely staged and lit with professional lighting. The photo used to show the American Cruise Lines' Library shows disorganized magazines laid on the table within a small, purpose designed reading room. AQSC falsely represents the spaces as being designed for the same purpose, when each vessel contains alternate spaces which would be better suited to comparison.

26. AQSC's webinar photo comparison of the AQSC Show Lounge with the American Cruise Lines' Lounge falsely represents American Cruise Lines' amenities. *See* Exhibit D. AQSC's Show Lounge photo shows a room staged for an audience to watch a stage performance and lit with professional lighting. The amateur photo used to show the American Cruise Lines' "Show Lounge" shows American Cruise Lines' Magnolia Lounge, a large living room style lounge temporarily set up with furniture facing the same direction. AQSC falsely represents the spaces as being designed for the same purpose.

27. AQSC's webinar photo comparison of the AQSC Calliope with the American Cruise Lines' Calliope falsely represents American Cruise Lines' amenities. *See* Exhibit E. AQSC's Calliope photo is a professional marketing image. The photo used to show the American Cruise Lines' Calliope is amateur and is presented by AQSC to unfairly denigrate the authenticity of American Cruise Lines' services.

28. AQSC's webinar photo comparison of the AQSC Owners Suite with the American Cruise Lines' Owner's Suite falsely represents American Cruise Lines' amenities. *See* Exhibit F. AQSC's Library photo is a lit with professional lighting and taken from an appropriate angle to highlight the room. The photo used to show the American Cruise Lines' Owner's Suite is amateur, shows several bags around the room, and is taken from an angle that misrepresents the amenities offered.

29.     The Webinar falsely represents and exaggerates the difference in services and amenities offered by AQSC and by American Cruise Lines, constituting false representations of fact.

30.     AQSC's conduct is particularly egregious because it is actively training travel agents to make the same false comparisons when promoting and selling AQSC cruises to consumers. Moreover, the false comparisons are growing exponentially in the marketplace as travel agents participating in the Webinar and "Steamboat Academy" classes, or who received copies of the webinar presentations, spread the false comparisons within their offices and across their social networks. American Cruise Lines does not know the number of travel agents thus far trained to provide the false comparisons and misleading statements to consumers or the identity of those travel agents now disseminating false information to consumers and other travel agents on a daily basis.

## IRREPARABLE HARM

31.     As a result of AQSC's false statements in its Webinar, American Cruise Lines has been irreparably harmed because the statements described herein are literally false, misleading, and cause consumer confusion as well as loss of consumer confidence, sales, profits, and goodwill.

32.     If AQSC is permitted to continue to advertise and make such statements American Cruise Lines will be irreparably harmed by the continued spread of false and misleading information to consumers seeking an overnight passenger cruise in the US marketplace.

33.     If the false and misleading statements by AQSC are permitted to remain, and are not discredited and corrected, American Cruise Lines will incur damages in the form of loss of goodwill, reputation, and sales.

34.     The Webinar is a new step in AQSC's efforts to hijack the term "American" and exploit its commercial value as designating high quality coastal and river cruises offered by American Cruise Lines, for as long as AQSC possibly can during the present hiatus in the course of the Trademark Action in which AQSC and American Cruise Lines are involved.

## COUNT I
### FALSE ADVERTISING (15 U.S.C. § 1125(A)) – LITERALLY FALSE STATEMENT

35.     Plaintiff, American Cruise Lines, incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 34.

36.     Defendant's claim that it operates "steamboats" is literally false. Defendant's misconduct constitutes false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.     Defendant has caused and is continuing to cause irreparable injury to American Cruise Lines by leading purchasers to be confused, mistaken, or deceived as to the services provided by American Cruise Lines.  Harm to American Cruise Lines will continue unless this Court enjoins AQSC from making such false representations.

38.     On information and belief, Defendant has willfully engaged in false advertising in violation of section of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.     Defendant's wrongful conduct is intentional and willful and has persisted despite American Cruise Lines' request to cease.

40.     As a proximate result of AQSC's unfair, unlawful, and deceptive business practices, the public has been and continues to be deceived. American Cruise Lines is entitled to injunctive relief restraining AQSC, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any of the unfair, unlawful, or deceptive business practices alleged herein, or any other business practice which unfairly harms American Cruise Lines, or which is likely to confuse of deceive the public.

41.     As a further direct and proximate result of AQSC's unfair, unlawful, and deceptive business practices, American Cruise Lines has suffered and will continue to suffer economic damages in an amount not yet determined. American Cruise Lines therefore is entitled to an award of compensatory damages according to proof. Additionally, American Cruise Lines has incurred and will continue to incur liability for costs and attorneys' fees.

42.     AQSC has also been unjustly enriched by profits derived from sales attributable to its unfair, unlawful, and deceptive business practices; AQSC should be ordered to account for such profits and pay them over to American Cruise Lines.

43.     Upon information and belief, AQSC's aforementioned conduct of false advertising was intentional, willful, and malicious, and done in conscious disregard of the rights of American Cruise Lines. The resulting damage to American Cruise Lines is such as to warrant an award of exemplary and punitive damages for such conduct, as allowed by law.

44.     Time is on AQSC's side as it takes advantage of this Court's busy schedule. American Cruise Lines has no adequate remedy at law for the injuries it continues to suffer. Further irreparable harm and injury will result to American Cruise Lines from AQSC's continued or future violations of law absent injunctive relief, including the termination of Defendant's advertising contracts with Northstar Travel Media LLC d/b/a Travel Weekly and

other companies advertising false and misleading statements, as described herein. Therefore, American Cruise Lines requests appropriate injunctive relief.

**COUNT II**

**FALSE ADVERTISING (15 U.S.C. § 1125(A)) – FALSE REPRESENTATION OF DINING ROOM**

45.     Plaintiff, American Cruise Lines, incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 44.

46.     Defendant's unfair comparison of the Dining Room is a false representation. Defendant's misconduct constitutes false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Defendant has caused and is continuing to cause irreparable injury to American Cruise Lines by leading purchasers to be confused, mistaken, or deceived as to the services provided by American Cruise Lines. Harm to American Cruise Lines will continue unless this Court enjoins AQSC from making such false representations.

48.     On information and belief, Defendant has willfully engaged in false advertising in violation of section of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Defendant's wrongful conduct is intentional and willful and has persisted despite American Cruise Lines' request to cease.

50.     As a proximate result of AQSC's unfair, unlawful, and deceptive business practices, the public has been and continues to be deceived. American Cruise Lines is entitled to injunctive relief restraining AQSC, its agents, servants, and employees, and all persons acting under, in concert with, or for it, from committing or continuing any of the unfair, unlawful, or deceptive business practices alleged herein, or any other business practice which unfairly harms American Cruise Lines, or which is likely to confuse of deceive the public.

51.     As a further direct and proximate result of AQSC's unfair, unlawful, and deceptive business practices, American Cruise Lines has suffered and will continue to suffer economic damages in an amount not yet determined. American Cruise Lines is therefore entitled to an award of compensatory damages according to proof. Additionally, American Cruise Lines has incurred and will continue to incur liability for costs and attorneys' fees; American Cruise Lines should be awarded such costs and reasonable fees.

52.     AQSC has also been unjustly enriched by profits derived from sales attributable to its unfair, unlawful, and deceptive business practices; AQSC should be ordered to account for such profits and pay them over to American Cruise Lines.

53.     Upon information and belief, AQSC's aforementioned conduct of false advertising was intentional, willful, and malicious, and done in conscious disregard of the rights of American Cruise Lines. The resulting damage to American Cruise Lines is such as to warrant an award of exemplary and punitive damages for such conduct, as allowed by law.

54.     Time is on AQSC's side as it takes advantage of this Court's busy schedule. American Cruise Lines has no adequate remedy at law for the injuries it continues to suffer. Further irreparable harm and injury will result to American Cruise Lines from AQSC's continued or future violations of law absent injunctive relief, including the termination of Defendant's advertising contracts with Northstar Travel Media LLC d/b/a Travel Weekly and other companies advertising false and misleading statements, as described herein.  Therefore, American Cruise Lines requests appropriate injunctive relief.

## COUNT III
### FALSE ADVERTISING (15 U.S.C. § 1125(A)) – FALSE REPRESENTATION OF CENTRAL STAIRWAY

55.     Plaintiff, American Cruise Lines, incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 54.

56.     Defendant's unfair comparison of the Central Stairway is a false representation.  Defendant's misconduct constitutes false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     Defendant has caused and is continuing to cause irreparable injury to American Cruise Lines by leading purchasers to be confused, mistaken, or deceived as to the services provided by American Cruise Lines.  Harm to American Cruise Lines will continue unless this Court enjoins AQSC from making such false representations.

58.     On information and belief, Defendant has willfully engaged in false advertising in violation of section of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     Defendant's wrongful conduct is intentional and willful and has persisted despite American Cruise Lines' request to cease.

60.     As a proximate result of AQSC's unfair, unlawful, and deceptive business practices, the public has been and continues to be deceived. American Cruise Lines is entitled to injunctive relief restraining AQSC, its agents, servants, and employees, and all persons acting under, in concert with, or for it, from committing or continuing any of the unfair, unlawful, or deceptive business practices alleged herein, or any other business practice which unfairly harms American Cruise Lines, or which is likely to confuse of deceive the public.

61.     As a further direct and proximate result of AQSC's unfair, unlawful, and deceptive business practices, American Cruise Lines has suffered and will continue to suffer economic damages in an amount not yet determined. American Cruise Lines is therefore entitled to an award of compensatory damages according to proof. Additionally, American Cruise Lines has incurred and will continue to incur liability for costs and attorneys' fees; American Cruise Lines should be awarded such costs and reasonable fees.

62.     AQSC has also been unjustly enriched by profits derived from sales attributable to its unfair, unlawful, and deceptive business practices; AQSC should be ordered to account for such profits and pay them over to American Cruise Lines.

63.     Upon information and belief, AQSC's aforementioned conduct of false advertising was intentional, willful, and malicious, and done in conscious disregard of the rights of American Cruise Lines. The resulting damage to American Cruise Lines is such as to warrant an award of exemplary and punitive damages for such conduct, as allowed by law.

64.     Time is on AQSC's side as it takes advantage of this Court's busy schedule. American Cruise Lines has no adequate remedy at law for the injuries it continues to suffer. Further irreparable harm and injury will result to American Cruise Lines from AQSC's continued or future violations of law absent injunctive relief, including the termination of Defendant's advertising contracts with Northstar Travel Media LLC d/b/a Travel Weekly and other companies advertising false and misleading statements, as described herein.  Therefore, American Cruise Lines requests appropriate injunctive relief.

## <u>COUNT IV</u>
### FALSE ADVERTISING (15 U.S.C. § 1125(A)) – FALSE REPRESENTATION OF LIBRARY

65.     Plaintiff, American Cruise Lines, incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 64.

66.     Defendant's unfair comparison of the Library is a false representation. Defendant's misconduct constitutes false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.     Defendant has caused and is continuing to cause irreparable injury to American Cruise Lines by leading purchasers to be confused, mistaken, or deceived as to the

services provided by American Cruise Lines. Harm to American Cruise Lines will continue unless this Court enjoins AQSC from making such false representations.

68.     On information and belief, Defendant has willfully engaged in false advertising in violation of section of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Defendant's wrongful conduct is intentional and willful and has persisted despite American Cruise Lines' request to cease.

70.     As a proximate result of AQSC's unfair, unlawful, and deceptive business practices, the public has been and continues to be deceived. American Cruise Lines is entitled to injunctive relief restraining AQSC, its agents, servants, and employees, and all persons acting under, in concert with, or for it, from committing or continuing any of the unfair, unlawful, or deceptive business practices alleged herein, or any other business practice which unfairly harms American Cruise Lines, or which is likely to confuse of deceive the public.

71.     As a further direct and proximate result of AQSC's unfair, unlawful, and deceptive business practices, American Cruise Lines has suffered and will continue to suffer economic damages in an amount not yet determined. American Cruise Lines therefore is entitled to an award of compensatory damages according to proof. Additionally, American Cruise Lines has incurred and will continue to incur liability for costs and attorneys' fees; American Cruise Lines should be awarded such costs and reasonable fees.

72.     AQSC has also been unjustly enriched by profits derived from sales attributable to its unfair, unlawful, and deceptive business practices; AQSC should be ordered to account for such profits and pay them over to American Cruise Lines.

73.     Upon information and belief, AQSC's aforementioned conduct of false advertising was intentional, willful, and malicious, and done in conscious disregard of the rights

of American Cruise Lines. The resulting damage to American Cruise Lines is such as to warrant an award of exemplary and punitive damages for such conduct, as allowed by law.

74.     Time is on AQSC's side as it takes advantage of this Court's busy schedule. American Cruise Lines has no adequate remedy at law for the injuries it continues to suffer. Further irreparable harm and injury will result to American Cruise Lines from AQSC's continued or future violations of law absent injunctive relief, including the termination of Defendant's advertising contracts with Northstar Travel Media LLC d/b/a Travel Weekly and other companies advertising false and misleading statements, as described herein.  Therefore, American Cruise Lines requests appropriate injunctive relief.

<u>**COUNT V**</u>
**FALSE ADVERTISING (15 U.S.C. § 1125(A)) – FALSE REPRESENTATION OF SHOW LOUNGE**

75.     Plaintiff, American Cruise Lines, incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 74.

76.     Defendant's unfair comparison of the Show Lounge is a false representation.  Defendant's misconduct constitutes false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.     Defendant has caused and is continuing to cause irreparable injury to American Cruise Lines by leading purchasers to be confused, mistaken, or deceived as to the services provided by American Cruise Lines.  Harm to American Cruise Lines will continue unless this Court enjoins AQSC from making such false representations.

78.     On information and belief, Defendant has willfully engaged in false advertising in violation of section of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Defendant's wrongful conduct is intentional and willful and has persisted despite American Cruise Lines' request to cease.

80.     As a proximate result of AQSC's unfair, unlawful, and deceptive business practices, the public has been and continues to be deceived. American Cruise Lines is entitled to injunctive relief restraining AQSC, its agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any of the unfair, unlawful, or deceptive business practices alleged herein, or any other business practice which unfairly harms American Cruise Lines, or which is likely to confuse of deceive the public.

81.     As a further direct and proximate result of AQSC's unfair, unlawful, and deceptive business practices, American Cruise Lines has suffered and will continue to suffer economic damages in an amount not yet determined. American Cruise Lines therefore is entitled to an award of compensatory damages according to proof. Additionally, American Cruise Lines has incurred and will continue to incur liability for costs and attorneys' fees; American Cruise Lines should be awarded such costs and reasonable fees.

82.     AQSC has also been unjustly enriched by profits derived from sales attributable to its unfair, unlawful, and deceptive business practices; AQSC should be ordered to account for such profits and pay them over to American Cruise Lines.

83.     Upon information and belief, AQSC's aforementioned conduct of false advertising was intentional, willful, and malicious, and done in conscious disregard of the rights of American Cruise Lines. The resulting damage to American Cruise Lines is such as to warrant an award of exemplary and punitive damages for such conduct, as allowed by law.

84.     Time is on AQSC's side as it takes advantage of this Court's busy schedule. American Cruise Lines has no adequate remedy at law for the injuries it continues to suffer. Further irreparable harm and injury will result to American Cruise Lines from AQSC's continued or future violations of law absent injunctive relief, including the termination of

Defendant's advertising contracts with Northstar Travel Media LLC d/b/a Travel Weekly and other companies advertising false and misleading statements, as described herein. Therefore, American Cruise Lines requests appropriate injunctive relief.

<u>COUNT VI</u>

FALSE ADVERTISING (15 U.S.C. § 1125(A)) – FALSE REPRESENTATION OF CALLIOPE

85. Plaintiff, American Cruise Lines, incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 84.

86. Defendant's unfair comparison of the Calliope is a false representation. Defendant's misconduct constitutes false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

87. Defendant has caused and is continuing to cause irreparable injury to American Cruise Lines by leading purchasers to be confused, mistaken, or deceived as to the services provided by American Cruise Lines. Harm to American Cruise Lines will continue unless this Court enjoins AQSC from making such false representations.

88. On information and belief, Defendant has willfully engaged in false advertising in violation of section of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

89. Defendant's wrongful conduct is intentional and willful and has persisted despite American Cruise Lines' request to cease.

90. As a proximate result of AQSC's unfair, unlawful, and deceptive business practices, the public has been and continues to be deceived. American Cruise Lines is entitled to injunctive relief restraining AQSC, its agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any of the unfair, unlawful, or deceptive business practices alleged herein, or any other business practice which unfairly harms American Cruise Lines, or which is likely to confuse of deceive the public.

91.     As a further direct and proximate result of AQSC's unfair, unlawful, and deceptive business practices, American Cruise Lines has suffered and will continue to suffer economic damages in an amount not yet determined. American Cruise Lines therefore is entitled to an award of compensatory damages according to proof. Additionally, American Cruise Lines has incurred and will continue to incur liability for costs and attorneys' fees; American Cruise Lines should be awarded such costs and reasonable fees.

92.     AQSC has also been unjustly enriched by profits derived from sales attributable to its unfair, unlawful, and deceptive business practices; AQSC should be ordered to account for such profits and pay them over to American Cruise Lines.

93.     Upon information and belief, AQSC's aforementioned conduct of false advertising was intentional, willful, and malicious, and done in conscious disregard of the rights of American Cruise Lines. The resulting damage to American Cruise Lines is such as to warrant an award of exemplary and punitive damages for such conduct, as allowed by law.

94.     Time is on AQSC's side as it takes advantage of this Court's busy schedule. American Cruise Lines has no adequate remedy at law for the injuries it continues to suffer. Further irreparable harm and injury will result to American Cruise Lines from AQSC's continued or future violations of law absent injunctive relief, including the termination of Defendant's advertising contracts with Northstar Travel Media LLC d/b/a Travel Weekly and other companies advertising false and misleading statements, as described herein.  Therefore, American Cruise Lines requests appropriate injunctive relief.

## COUNT VII
### FALSE ADVERTISING (15 U.S.C. § 1125(A)) – FALSE REPRESENTATION OF OWNER'S SUITE

95.     Plaintiff, American Cruise Lines, incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 94.

96. Defendant's unfair comparison of the Owner's Suite is a false representation. Defendant's misconduct constitutes false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

97. Defendant has caused and is continuing to cause irreparable injury to American Cruise Lines by leading purchasers to be confused, mistaken, or deceived as to the services provided by American Cruise Lines. Harm to American Cruise Lines will continue unless this Court enjoins AQSC from making such false representations.

98. On information and belief, Defendant has willfully engaged in false advertising in violation of section of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

99. Defendant's wrongful conduct is intentional and willful and has persisted despite American Cruise Lines' request to cease.

100. As a proximate result of AQSC's unfair, unlawful, and deceptive business practices, the public has been and continues to be deceived. American Cruise Lines is entitled to injunctive relief restraining AQSC, its agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any of the unfair, unlawful, or deceptive business practices alleged herein, or any other business practice which unfairly harms American Cruise Lines, or which is likely to confuse of deceive the public.

101. As a further direct and proximate result of AQSC's unfair, unlawful, and deceptive business practices, American Cruise Lines has suffered and will continue to suffer economic damages in an amount not yet determined. American Cruise Lines therefore is entitled to an award of compensatory damages according to proof. Additionally, American Cruise Lines has incurred and will continue to incur liability for costs and attorneys' fees; American Cruise Lines should be awarded such costs and reasonable fees.

102. AQSC has also been unjustly enriched by profits derived from sales attributable to its unfair, unlawful, and deceptive business practices; AQSC should be ordered to account for such profits and pay them over to American Cruise Lines.

103. Upon information and belief, AQSC's aforementioned conduct of false advertising was intentional, willful, and malicious, and done in conscious disregard of the rights of American Cruise Lines. The resulting damage to American Cruise Lines is such as to warrant an award of exemplary and punitive damages for such conduct, as allowed by law.

104. Time is on AQSC's side as it takes advantage of this Court's busy schedule. American Cruise Lines has no adequate remedy at law for the injuries it continues to suffer. Further irreparable harm and injury will result to American Cruise Lines from AQSC's continued or future violations of law absent injunctive relief, including the termination of Defendant's advertising contracts with Northstar Travel Media LLC d/b/a Travel Weekly and other companies advertising false and misleading statements, as described herein. Therefore, American Cruise Lines requests appropriate injunctive relief.

### COUNT VIII
**VIOLATION OF DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT (6 DEL. C. §§ 2531 ET. SEQ.)**

105. Plaintiff, American Cruise Lines, hereby incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 104.

106. Defendant's misconduct, as described herein, disparages the goods, services, or business of American Cruise Lines by false or misleading representation of fact, and generally creates a likelihood of confusion or of misunderstanding.

107. Such misconduct violates the Uniform Deceptive Trade Practices Act as adopted by Delaware, 6 Del. C. §§ 2531 *et seq*.

108.    Defendant's misconduct has caused, and is continuing to cause, irreparable injury to American Cruise Lines by leading purchasers to be confused, mistaken, or deceived as to the services of American Cruise Lines.

109.    On information and belief, Defendant has willfully engaged in the aforementioned deceptive trade practices.

110.    Additionally, pursuant to the Uniform Deceptive Trade Practices Act, as adopted by Delaware, American Cruise Lines is entitled to injunctive relief against Defendant's deceptive trade practices as well as such other remedies available under that act as are just and equitable and permitted by law.

111.    Upon information and belief, AQSC's conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of American Cruise Lines' rights, justifying the imposition of punitive and exemplary damages, and costs and reasonable attorneys' fees.

## COUNT IX
### COMMON LAW UNFAIR COMPETITION

112.    Plaintiff, American Cruise Lines, hereby incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 111.

113.    Defendant's misconduct, as described herein, constitutes unfair competition under the common law of Delaware.

114.    On information and belief, Defendant has intentionally and willfully engaged in unfair competition in violation of Delaware law.

115.    Defendant's misconduct has caused, and is continuing to cause, irreparable injury to American Cruise Lines by leading purchasers to be confused, mistaken, or deceived as to the quality of AMERICAN CRUISE LINES services.

116.	American Cruise Lines has no adequate remedy at law and is further entitled to a preliminary and permanent injunction against Defendant's infringing misconduct.

117.	Upon information and belief, AQSC's conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of American Cruise Lines' rights, justifying the imposition of punitive and exemplary damages, and costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF – ALL COUNTS

WHEREFORE, Plaintiff, American Cruise Lines, Inc., prays that the Court enter judgment in American Cruise Lines' favor and against Defendant as follows:

A.	A preliminary and permanent injunction ordering that Defendant and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns of Defendant, and all persons in active concert or participation therewith, refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any promotional materials or advertising materials containing any of the false claims described in this Complaint;

B.	A preliminary and permanent injunction ordering that Defendant and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns of Defendant, and all persons in active concert or participation therewith, refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any claim, statement, or comparison of the steam operation of AQSC's vessels;

C.	A preliminary and permanent injunction ordering that Defendant and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns of Defendant, and all persons in active concert or participation therewith, refrain from directly or

indirectly using in commerce or causing to be published or otherwise disseminated any claim, statement, or comparison of the American Cruise Lines' Dining Room;

D. A preliminary and permanent injunction ordering that Defendant and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns of Defendant, and all persons in active concert or participation therewith, refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any claim, statement, or comparison of the American Cruise Lines' Central Stairway;

E. A preliminary and permanent injunction ordering that Defendant and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns of Defendant, and all persons in active concert or participation therewith, refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any claim, statement, or comparison of the American Cruise Lines' Library;

F. A preliminary and permanent injunction ordering that Defendant and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns of Defendant, and all persons in active concert or participation therewith, refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any claim, statement, or comparison of the American Cruise Lines' Show Lounge;

G. A preliminary and permanent injunction ordering that Defendant and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns of Defendant, and all persons in active concert or participation therewith, refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any claim, statement, or comparison of the American Cruise Lines' Calliope;

H.     A preliminary and permanent injunction ordering that Defendant and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns of Defendant, and all persons in active concert or participation therewith, refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any claim, statement, or comparison of the American Cruise Lines' Owner's Suite;

I.     Order that Defendant shall not in the future advertise or use the false and misleading content, as described herein;

J.     Order that Defendant take all necessary actions to immediately discontinue paid advertisements on Northstar Travel Media LLC d/b/a Travel Weekly and any other internet websites linking, associating, or displaying the Webinar;

K.     Order that Defendant give written notice to each travel agent who registered for or otherwise viewed the Webinar that the subject claims, statements, and comparisons have been found by this Court to be false and misleading, and instruct the travel agents to (i) immediately refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any said claim, statement, or comparison and to refrain from making such comparisons or statements in the future, and (ii) post or otherwise give notice to the persons to whom the travel agents have disseminated the subject claims, statements, and comparisons that this Court has found such information to be false and misleading;

L.     Award Plaintiff, American Cruise Lines, an accounting of Defendant AQSC's profits, advantages, and gains derived from its unlawful activities, and payment of AQSC's profits, gains, and advantages derived from its unlawful conduct, such damages to be trebled pursuant to 15 U.S.C. §§ 1117 and 1125(a), 6 Del. C. §§ 2531 *et seq.* and the common law of Delaware.

M.     Award Plaintiff, American Cruise Lines, its compensatory damages, including adequate compensation for lost profits and harm to American Cruise Lines' reputation, at an amount to be determined at trial, such damages to be trebled pursuant to 15 U.S.C. §§ 1117 and 1125(a), 6 Del. C. §§ 2531 *et seq.* and the common law of Delaware.

N.     Award Plaintiff, American Cruise Lines, taxable costs and reasonable attorney's fees pursuant to 15 U.S.C. 1117(a) and 6 Del. C. 2531, *et. seq.*;

O.     Award Plaintiff, American Cruise Lines, prejudgment and post-judgment interest; and

P.     Order all other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
OF COUNSEL:                        skraftschik@mnat.com

David McI. Williams                    *Attorneys for American Cruise Lines, Inc.*
Michael R. Naccarato
GORMAN & WILLIAMS
36 S. Charles Street, Suite 900
Baltimore, MD 21201-3114
(410) 528-0600

October 27, 2017